UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO DURAND<br><br>Plaintiff,<br><br>v.<br><br>T. COOKE, et al.,<br><br>Defendants. | Case No.: 3:22-cv-00404-ART-CSD<br><br>**ORDER DENYING IFP APPLICATIONS WITHOUT PREJUDICE**<br><br>(ECF Nos. 1, 3) |

On September 8, 2022, pro se plaintiff Roberto Durand, an inmate in the custody of the Nevada Department of Corrections, filed a complaint under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. (ECF Nos. 1-1, 1). Durand filed a second application to proceed *in forma pauperis* a few days later. (ECF No. 3). Both of Durand's applications to proceed *in forma pauperis* are incomplete because **he did not include an inmate trust fund account statement for the previous six-month period with his applications**. The Court will deny Durand's applications without prejudice to his ability to correct this deficiency **by December 5, 2022.**

DISCUSSION

The United States District Court for the District of Nevada must collect reasonable fees to function. The fee for filing a civil action that is not a writ of habeas corpus is $402, which includes the $350 filing fee and the $52 administrative fee. "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. Loc. Special R. 1-1. For an inmate to apply for *in forma pauperis* status, he must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the

**inmate's prison or jail trust fund account statement for the previous 6-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. Special R. 1-2. *In forma pauperis* status does not relieve an inmate of his obligation to pay the filing fee, it just means that he can do so in installments. *See* 28 U.S.C. § 1915(b).

As explained above, Durand's applications to proceed *in forma pauperis* are incomplete because he failed to include an inmate trust fund account statement for the previous six-month period with his applications. The Court will therefore deny Durand's applications to proceed *in forma pauperis* without prejudice to his ability to either pay the filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents. And the Court will grant Durand a 60-day extension to do so.

## CONCLUSION

It is therefore ordered that the applications to proceed *in forma pauperis* (ECF Nos. 1, 3) are denied without prejudice.

It is further ordered that Durand has **until December 5, 2022,** to either pay the full $402 filing fee or file a new fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison official, and (3) a copy of the inmate's trust fund account statement for the previous 6-month period.

Durand is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order.

The Clerk of the Court is directed to send plaintiff Roberto Durand the approved form application to proceed *in forma pauperis for inmate* and instructions for the same and retain the complaint (ECF No. 1-1) but not file it at this time.

DATED: October 6, 2022.

_____
UNITED STATES MAGISTRATE JUDGE